UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERESA DEGRAFF,

    Plaintiff,

v.

SMA BEHAVIORAL HEALTH SERVICES, INC., d/b/a STEWART MARCHMAN-ACT BEHAVIORAL HEALTHCARE and PUTNAM COUNTY ALCOHOL AND DRUG COUNCIL, INC., a Florida Non Profit Corporation d/b/a PUTNAM-ST. JOHNS BEHAVIORAL HEALTHCARE, a fictitious name;

    Defendants.

CASE NO: 3:12-cv-733-J-32TEM

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### (Pursuant to Fed.R.Civ.P. 15)

Plaintiff, TERESA DEGRAFF (hereinafter referred to as "DeGraff" or Plaintiff"), by and through the undersigned counsel, sues Defendants, SMA BEHAVIORAL HEALTH SERVICES, INC., d/b/a STEWART MARCHMAN-ACT BEHAVIORAL HEALTHCARE as successor in interest to PUTNAM COUNTY ALCOHOL AND DRUG COUNCIL, INC., d/b/a PUTNAM – ST. JOHNS BEHAVIORAL HEALTHCARE pursuant to 29 U.S.C. § 216(b), the Fair Labor Standards Act ("FLSA") and states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action involves a Federal Statute.

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

2. Defendant SMA, BEHAVIORAL HEALTH SERVICES, INC., d/b/a STEWART MARCHMAN-ACT BEHAVIORAL HEALTHCARE (hereinafter "SMA") is a Florida non-profit corporation, with its principle place of business located at 1220 Willis Ave., Box 60, Daytona Beach, Florida 32114.

3. Defendant, PUTNAM COUNTY ALCOHOL AND DRUG COUNCIL, INC., d/b/a PUTNAM – ST. JOHNS BEHAVIORAL HEALTHCARE (hereinafter "PUTNAM") is a Florida non-profit corporation, with its principle place of business located at 330 Kat Larkin Drive, Palatka, Florida 32177.

4. Defendant, PUTNAM COUNTY ALCOHOL AND DRUG COUNCIL, INC., d/b/a PUTNAM – ST. JOHNS BEHAVIORAL HEALTHCARE, registered the fictitious name PUTNAM – ST. JOHNS BEHAVIORAL HEALTHCARE with the Florida Department of State on August 1, 2011.

5. On or about February 1, 2012, SMA assumed the assets, liability, employees and operations of PUTNAM.

6. SMA is the successor in interest to PUTNAM, and is liable to Plaintiff for PUTNAM's violations of the Fair Labor Standards Act.[1]

7. Plaintiff, THERESA DEGRAFF, is a resident of Alachua County, Florida.

8. Venue is appropriate in the Jacksonville Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the acts complained of herein occurred in Putnam County, Florida.

9. At all relevant times hereto, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e)(1).

---

[1] *See Chao v. Concrete Management Resources LLC.,* WL 564318 (D. KAN 2009)

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

10. At all times material hereto, Defendant was an "employer" engaged in commerce as defined under the FLSA.

11. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

12. Plaintiff initiated her employment with Defendant in October 1984.

13. Plaintiff was employed under the job title "Operations Manager" since 1998. In 2007, Plaintiff was required to execute an updated job description of Operations Manager that overstated the Plaintiff's job responsibilities.

14. Despite Plaintiff's job title, Plaintiff's primary job duties were performing payroll and accounts payable duties (without signatory authority); and other routine clerical office duties including but not limited to the following:

   a. Preparing, organizing and filing standard human resources, benefits and payroll files;
   b. Secretarial duties;
   c. Purchasing supplies;
   d. Cleaning the building

15. Plaintiff did not have the authority to hire or fire employees, and spent minimal time supervising other employees.

16. Plaintiff has a high school degree, but no specialized education in accounting, human resources and/or health care administration.

17. Throughout her employment, Plaintiff was directed to work, and did work in excess of forty (40) hours per week.

18. Plaintiff was required to work, and did work on nights and weekends.

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

19. Plaintiff performed non-exempt duties and was purposefully and unlawfully misclassified as an exempt employee so that Defendant could avoid paying Plaintiff one and one-half times Plaintiff's regular rate pursuant to the FLSA.

20. Plaintiff's job duties do not support Defendant's classification of Plaintiff as an exempt employee pursuant to the Fair Labor Standards Act.

21. During her employment, Plaintiff was paid an hourly rate of $24.89 per hour with a corresponding overtime rate of $37.33.

22. Plaintiff was terminated on or about February 17, 2012.

23. Plaintiff estimates that she regularly worked seventeen (17) overtime hours per week during each week of her last three years of employment with Defendant.

24. Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week within the past three (3) years.

25. Plaintiff's job duties do not fall within the narrowly construed exemptions defined in 29 U.S.C. § 213, and Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorneys fees and costs for any and all hours worked in excess of forty (40) during any given work week during the past three years.

## COUNT I
## VIOLATIONS OF THE FLSA (§ 207)

26. Plaintiff readopts and realleges paragraphs 1 through 25 as if fully set forth herein.

27. During the course of Plaintiff's employment with Defendant, Plaintiff was only paid for the first forty (40) hours Plaintiff worked per work week.

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

28. Plaintiff was required to work and regularly worked in excess of forty (40) hours per work week without additional compensation of any kind during the course of her employment with Defendant.

29. During the course of her employment and for the period of the three (3) years prior to the initiation of this suit, Plaintiff's primary job duties were non-exempt.

30. As a non-exempt employee Plaintiff was entitled to be paid for all of the overtime hours that Plaintiff worked on behalf of Defendant, including but not limited to the hours Plaintiff worked nights and weekends.

31. PUTNAM failed and refused to pay Plaintiff any additional wages and/or overtime wages for any and all work Plaintiff performed in excess of forty (40) hours during any given work week during the three years prior to the initiation date of this suit.

32. PUTNAM has willfully and intentionally misclassified Plaintiff as an exempt employee pursuant to the FLSA thereby failing and refusing to pay Plaintiff the proper wage and overtime wage compensation for any and all hours worked in excess of forty (40) during any given workweek in accord with § 207 of the FLSA.

33. Defendant has engaged in a knowing and willful pattern and/or practice of willfully misclassifying employees for the purpose of avoiding the requirements of the FLSA.

34. All or most records that exist concerning the number of hours actually worked by Plaintiff are in the exclusive possession, custody and control of Defendant, and therefore Plaintiff is unable to state an exact amount of damages at this time.

35. Upon information and belief, Plaintiff estimates damages associated with Defendants unlawful compensation practices and denial of overtime wages in

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

accordance with § 207, are $88,222.60 exclusive of liquidated damages, attorneys fees, litigation costs and/or prejudgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant for overtime compensation in amounts to be determined at trial, an equal amount of liquidated damages, prejudgment interest together with the costs of this suit and reasonable attorney's fees and any such other and further relief that this Court deems proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated this 5th day of July, 2012.

        Respectfully submitted by,

        s/**Benjamin L. Williams**
        Benjamin L. Williams, Esq.
        Florida Bar. No. 0030657
        Feldman, Fox & Morgado, P.A.
        501 North Reo Street
        Tampa, Florida 33609
        Telephone: (813) 639-9366
        Fax: (813) 639-9376
        Email: bwilliams@ffmlawgroup.com
        Attorney for Plaintiff