## WAIVER, RELEASE, SETTLEMENT & CONFIDENTIALITY AGREEMENT

THIS WAIVER, RELEASE, SETTLEMENT & CONFIDENTIALITY AGREEMENT (hereafter referred to as "Agreement") is made and entered into by and between TERESA DEGRAFF (hereafter "DEGRAFF" which shall include her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns), PUTNAM COUNTY ALCOHOL AND DRUG COUNSEL, INC. d/b/a PUTNAM-ST. JOHNS BEHAVIORAL HEALTHCARE, a Florida corporation (hereafter "PUTNAM" which shall include principals, subsidiaries, affiliates, corporations, partnerships, predecessors, successors, owners, shareholders, directors, officers, attorneys, agents, employees, representatives, insurers, and assigns), and SMA BEHAVIORAL HEALTH SERVICES, INC., a Florida corporation (hereafter "SMA" which shall include principals, subsidiaries, affiliates, corporations, partnerships, predecessors, successors, owners, shareholders, directors, officers, attorneys, agents, employees, representatives, insurers, and assigns). Sometimes DEGRAFF, PUTNAM and SMA are collectively referred to as "Parties".

### RECITALS

WHEREAS, DEGRAFF was an employee of PUTNAM for numerous years in various positions (hereinafter "Employment"); and

WHEREAS, DEGRAFF was terminated in February 2012; and

WHEREAS, DEGRAFF alleges she is owed unpaid overtime compensation and other damages by PUTNAM and SMA; and

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM :
Page 1 of 16
P:\DOCS\21642\0007\E52248.DOC

WHEREAS, on February 1, 2012 SMA purchased PUTNAM'S assets, but not the liabilities; and

WHEREAS, DEGRAFF filed suit against PUTNAM and SMA in the United States District Court, Middle District of Florida, Jacksonville Division, Case Number 3:12-cv-733-J-32TEM (hereafter "Litigation")

WHEREAS, PUTNAM and SMA vehemently deny all of DEGRAFF'S allegations; and

WHEREAS, DEGRAFF, PUTNAM and SMA have various disputes among them related to the Employment, termination of Employment and Litigation (hereafter collectively referred to as the "Disputes"); and

WHEREAS, DEGRAFF, PUTNAM and SMA now wish to fully and finally settle all known or unknown, past, present and future claims, controversies and disputes among themselves arising out of the Disputes.

## WITNESSETH:

NOW THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration and the following mutual covenants and promises, the adequacy and receipt of the aforedescribed consideration being acknowledged by the Parties' signatures hereinbelow, the Parties hereby agree as follows:

1. SMA shall pay DEGRAFF Five Thousand Dollars and No/Cents ($5,000.00) in total settlement subject to DEGRAFF complying with paragraph nine (9) hereinbelow, to be disbursed as follows:

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM
Page 2 of 16
P:\DOCS\21042\0007\E52248.DOC

a) $2,500.00 for back wages, which will be subject to normal employment taxes and withholding and shall be reported on a W-2; and

b) $2,500.00 for liquidated damages, which will be subject to 1099 taxation.

2. SMA and PUTNAM shall pay DEGRAFF'S attorneys $3,333.33 for attorneys' fees and costs related to the Litigation.

3. DEGRAFF, on behalf of herself, her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns, fully releases and forever discharges SMA, as well as, all of SMA'S principals, subsidiaries, affiliates, corporations, partnerships, insurers, predecessors, successors, owners, directors, officers, shareholders, heirs, agents, employees, representatives, executors, administrators, personal representatives, attorneys, beneficiaries, assigns and successors, from any and all claims, wages, demands, rights, liens, agreements, contracts, actions, causes of action, or suits at law or in equity, obligations, debts, damages, promises, charges, costs, expenses, loss of services, and judgments of whatsoever kind or nature at law, in equity, or otherwise, for or because of any matter or thing done, omitted or suffered to be done by SMA, and/or any and all of SMA'S principals, subsidiaries, affiliates, corporations, partnerships, attorneys, insurers, predecessors, successors, owners, directors, officers, shareholders, agents, spouses, employees or representatives, whether now known or unknown, past, present or future, arising out of or in any way connected to SMA arising out of the Employment and/or Disputes. Without limiting the generality of the foregoing, this Waiver and Release covers any causes of action or claims, including, without limitation, any claims under Title VII of the Civil Rights Act of 1964, as

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF
SMA
PUTNAM
Page 3 of 16
P:\DOCS\21042\0007\ES2248.DOC

amended; the Employment Retirement Income Security Act of 1974, as amended; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Civil Rights Act of 1866 and 1871; the Florida Human Rights Act of 1977, as amended; Executive Orders 11246 and 11478; the Florida Public Employees Relations Act of 1974, as amended; the Fair Labor Standards Act of 1938, as amended; the Equal Pay Act of 1963, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act of 1993, as amended; the Civil Rights Act of 1991; the Florida Civil Rights Act of 1992; unemployment compensation laws; whistleblower causes of action; as well as any amendments to the foregoing as may be enacted from time to time; any common law or statutory wrongful discharge or retaliatory discharge theory; any claim for severance pay, bonus, sick leave, holiday pay, overtime pay, vacation pay, life insurance, health or medical insurance, or any other fringe benefits; and any other federal or state law or municipal ordinance, including any lawsuits founded in tort (including negligence), contract (oral, written or implied), or any other common law or equitable basis or action. DEGRAFF agrees that by signing this Agreement she hereby waives all rights to sue or obtain equitable, remedial or punitive relief from SMA of any kind whatsoever, including, without limitation, reinstatement, back pay, front pay, any form of injunctive relief and any claim related to the Agreement.

4. DEGRAFF, on behalf of herself, her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns, fully releases and forever discharges PUTNAM, as well as, all of PUTNAM'S principals, subsidiaries, affiliates, corporations,

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM
Page 4 of 16
P:\DOCS\21042\007\ES2248.DOC

partnerships, insurers, predecessors, successors, owners, directors, officers, shareholders, heirs, agents, employees, representatives, executors, administrators, personal representatives, attorneys, beneficiaries, and assigns, from any and all claims, wages, demands, rights, liens, agreements, contracts, actions, causes of action, or suits at law or in equity, obligations, debts, damages, promises, charges, costs, expenses, loss of services, and judgments of whatsoever kind or nature at law, in equity, or otherwise, for or because of any matter or thing done, omitted or suffered to be done by PUTNAM, and/or any and all of PUTNAM'S principals, subsidiaries, affiliates, corporations, partnerships, insurers, predecessors, successors, owners, directors, officers, shareholders, agents, attorneys, spouses, employees or representatives, whether now known or unknown, past, present or future, arising out of or in any way connected to PUTNAM arising out of the Employment and/or Disputes. Without limiting the generality of the foregoing, this Waiver and Release covers any causes of action or claims, including, without limitation, any claims under Title VII of the Civil Rights Act of 1964, as amended; the Employment Retirement Income Security Act of 1974, as amended; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Civil Rights Act of 1866 and 1871; the Florida Human Rights Act of 1977, as amended; Executive Orders 11246 and 11478; the Florida Public Employees Relations Act of 1974, as amended; the Fair Labor Standards Act of 1938, as amended; the Equal Pay Act of 1963, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act of 1993, as amended; the Civil Rights Act of 1991; the Florida Civil Rights Act of 1992;

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM
Page 5 of 16
P:\DOCS\21042\0007\E52248.DOC

unemployment compensation laws; whistleblower causes of action; as well as any amendments to the foregoing as may be enacted from time to time; any common law or statutory wrongful discharge or retaliatory discharge theory; any claim for severance pay, bonus, sick leave, holiday pay, overtime pay, vacation pay, life insurance, health or medical insurance, or any other fringe benefits; and any other federal or state law or municipal ordinance, including any lawsuits founded in tort (including negligence), contract (oral, written or implied), or any other common law or equitable basis or action. DEGRAFF agrees that by signing this Agreement she hereby waives all rights to sue or obtain equitable, remedial or punitive relief from PUTNAM of any kind whatsoever, including, without limitation, reinstatement, back pay, front pay, any form of injunctive relief and any claim related to the Agreement.

5. DEGRAFF represents and agrees that, in signing this Agreement, DEGRAFF is not relying on any promises or representations not contained herein and acknowledges that DEGRAFF is not entitled to any other compensation or benefits from SMA or PUTNAM except as otherwise expressly provided for in this Agreement. DEGRAFF agrees that neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time to be an admission by SMA or PUTNAM of any improper or unlawful conduct. This Agreement constitutes the complete and entire agreement and understanding among the Parties, and supersedes any and all prior or contemporaneous agreements, commitments, understandings or arrangements, whether written or oral, between or among any of the Parties, in each case concerning the subject matter hereof.

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM
Page 6 of 16
P:\DOCS\21042\0007\ES2248.DOC

6.  BY SIGNING BELOW, DEGRAFF ACKNOWLEDGES THAT DEGRAFF HAD AT LEAST TWENTY ONE (21) DAYS TO CONSIDER THIS AGREEMENT BEFORE SIGNING IT, THAT AFTER SIGNING IT, DEGRAFF HAS SEVEN (7) DAYS TO REVOKE DEGRAFF'S SIGNATURE AND THAT, PROVIDED THAT DEGRAFF DOES NOT REVOKE IT, IT WILL BECOME EFFECTIVE ON THE EIGHTH (8TH) DAY AFTER DEGRAFF SIGNS IT. BY SIGNING BELOW, DEGRAFF ALSO ACKNOWLEDGES THAT DEGRAFF HAS READ THE ABOVE, UNDERSTANDS WHAT DEGRAFF IS SIGNING, HAS BEEN ADVISED IN WRITING TO CONSULT AN ATTORNEY BEFORE SIGNING IT, AND IS SIGNING IT VOLUNTARILY AND OF DEGRAFF'S OWN FREE WILL. DEGRAFF FURTHER AGREES THAT IF ANY PROVISION OF THIS AGREEMENT IS FOUND TO BE INVALID OR UNENFORCEABLE, IT WILL NOT AFFECT THE VALIDITY OR ENFORCEABILITY OF ANY OTHER PROVISION. DEGRAFF FURTHER AGREES THAT THIS AGREEMENT WILL BE GOVERNED BY THE LAWS OF THE STATE OF FLORIDA, AND DEGRAFF CONSENTS TO PERSONAL JURISDICTION ONLY IN THE STATE COURTS IN FLORIDA.

7.  SMA, on behalf of itself, its' principals, subsidiaries, affiliates, predecessors, successors, owners, directors, officers, shareholders, agents, employees, representatives, attorneys, insurers, executors, administrators, and assigns, fully release and forever discharge DEGRAFF, as well as, her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns from any and all claims, wages, demands, rights, liens, agreements, contracts, actions, causes of action, or suits at law or in equity, obligations, debts, damages, promises, charges,

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM :
Page 7 of 16
P:\DOCS\21042\0007\ES2248.DOC

costs, expenses, loss of services, and judgments of whatsoever kind or nature at law, in equity, or otherwise, for or because of any matter or thing done, omitted or suffered to be done by DEGRAFF, and her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns, whether now known or unknown, present or future, arising out of or in any way connected to DEGRAFF arising out of the Employment, Litigation and/or Disputes.

8. PUTNAM, on behalf of itself, its' principals, subsidiaries, affiliates, predecessors, successors, owners, directors, officers, shareholders, agents, employees, representatives, attorneys, insurers, executors, administrators, and assigns, fully release and forever discharge DEGRAFF, as well as, her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns from any and all claims, wages, demands, rights, liens, agreements, contracts, actions, causes of action, or suits at law or in equity, obligations, debts, damages, promises, charges, costs, expenses, loss of services, and judgments of whatsoever kind or nature at law, in equity, or otherwise, for or because of any matter or thing done, omitted or suffered to be done by DEGRAFF, and her heirs, executors, administrators, personal representatives, attorneys, beneficiaries, successors, and assigns, whether now known or unknown, present or future, arising out of or in any way connected to DEGRAFF arising out of the Employment, Litigation and/or Disputes.

9. Once all of the aforedescribed terms and conditions have been satisfied, DEGRAFF shall file a notice of settlement and dismissal with prejudice of the Litigation with the United States District Court, Middle District Court of Florida.

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA : [initials]
PUTNAM [initials]
Page 8 of 16
P:\DOCS\21042\0007\ES2248.DOC

10. DEGRAFF, PUTNAM and SMA hereby declare that each person executing this Agreement on behalf of them is more than eighteen (18) years of age, has the full authority to execute this Agreement on behalf of their respective party and that, no representations regarding the nature and extent of legal liability or financial responsibility of any of the Parties released, has induced either party to make this settlement.

11. If any party is required to bring any litigation based upon a breach of this Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees and paraprofessional fees, expenses and costs, including attorneys' fees and paraprofessional fees, expenses and costs at trial and on appeal.

12. This Agreement shall be construed under the laws of the State of Florida, without regard to the conflicts of law principles thereof. Venue for any action or proceeding brought under this Agreement shall be solely in the state courts of Volusia County, Florida. The Parties agree that this Agreement shall inure to the benefit of and be binding upon the Parties hereto and to their heirs, legal representatives, successors and assigns.

13. All Parties to this Agreement acknowledge and agree that the payment and acceptance of the settlement sums and other covenants and considerations set forth herein and the execution of this Agreement is the result of compromise and is entered into in good faith and shall never for any purpose be considered an admission of liability or responsibility concerning claims referred to in this action and no past or present wrongdoing on the part of any of the Parties shall be implied by such payment or execution.

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

14. This Agreement, together with any Exhibit(s) identified herein and attached hereto, constitutes the entire agreement of and understanding among the Parties with respect to the subject matter of this Agreement and supersedes any and all prior oral or written agreements and understandings. No representations, warranties, conditions, understandings or agreements of any kind with respect to the subject matter hereof shall be relied upon by the Parties unless incorporated herein. This Agreement may not be amended or modified except by agreement in writing signed by the party against whom enforcement or any modification is sought.

15. Each of the Parties hereto shall pay their own expenses and court costs, including legal fees incurred in the prosecution or defense of the Employment and/or Disputes and in the negotiation, preparation or execution of this Agreement.

16. Each party has had the opportunity to obtain independent legal advice by counsel of its own selection in the negotiation of this Agreement. Each party has fully investigated the facts, fully understands the facts and has been fully informed as to its legal rights and obligations. Each party is signing this Agreement freely and voluntarily, fully intending to be bound by this Agreement.

17. Each party and counsel for each party has reviewed this Agreement. Accordingly, the rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in any interpretation of this Agreement.

18. Each party to this Agreement acknowledges, warrants and verifies that they have the mental capacity and competency to execute this Agreement freely and voluntarily.

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

19. In the event that any one or more provisions of this Agreement shall be declared invalid, illegal, or otherwise unenforceable, in any respect, the validity, legality and enforceability of the remaining provisions contained therein shall not in any way be affected or impaired thereby. Under such circumstances, this Agreement shall be construed, in all aspects, as if the invalid, illegal, or unenforceable provisions were omitted.

20. This Agreement may be pled as a complete defense to and may be used as the basis for an injunction against any actions, suit or other proceeding which may be instituted and prosecuted or attempt in the breach of this Agreement, except for an action based on a breach of this Agreement.

21. The Parties agree that there shall be no disclosure to any individual or entity including, without limitation, any judicial, governmental, administrative, or regulatory entity by the Parties, including their counsel, of either the terms of this Agreement or any fact, allegation or occurrence relating to the terms of this Agreement. It is in the intent of this Agreement to preclude unnecessary dissemination of the terms of this Agreement. In the event any party discloses any of the terms of this Agreement, it is agreed that a penalty of five thousand ($5,000.00) shall be imposed on the violating party for each such violation.

22. This Agreement may be executed in counterparts and delivered to other parties by facsimile transmission. Facsimile signatures of a party and each counterpart document containing one or more facsimile signatures shall be deemed an original document for all purposes including, without limitation, the enforcement thereof in accordance with its terms.

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF          :
SMA              : [initials]
PUTNAM           [initials]
Page 11 of 16
P:\DOCS\21042\0007\E52248.DOC

23. The Parties acknowledge and represent that they have read this Agreement in full and, with advice of counsel, understand and voluntarily consent and agree to each and every provision contained herein.

24. In any dispute relative to this Agreement, the prevailing party shall be entitled to recover from the other party all costs, expenses and reasonable paraprofessional and attorney's fees, both at trial and on appeal.

25. This Agreement may not be amended, modified, altered or changed except by a written Agreement which is both signed by all the Parties and which makes specific reference to this Agreement.

26. <u>Reliance on Authority of Person Signing Agreement</u>. In the event that a Party to this Agreement is not a natural person ("Entity"), neither Party will (a) be required to determine the authority of the individual signing this Agreement to make any commitment or undertaking on behalf of such Entity or to determine any fact or circumstance bearing on the existence of the authority of such individual; or (b) be required to see to the application or distribution of proceeds paid or credited to individuals signing this Agreement on behalf of such Entity.

27. <u>Survival</u>. All indemnities, covenants, warranties, rights and obligations set forth and provided for in this Agreement shall survive.

28. <u>Effective Date of this Agreement</u>. The date of this Agreement shall be the latest date on which all Parties shall have accepted and executed this Agreement and the time period hereinabove in paragraph six (6).

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF
SMA
PUTNAM
Page 12 of 16
P:\DOCS\21042\0067\E52248.DOC

IN WITNESS WHEREOF, the Parties hereto have set their hands and seals to this instrument on the dates hereafter set forth as follows:

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK/ SIGNATURE PAGES FOLLOW]*

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF :
SMA :
PUTNAM
Page 13 of 16
P:\DOCS\2104210007\E52243.DOC

Signed, sealed and delivered
in the presence of:

Print Name: _Teresa Ann Degraff_

BY _[signature]_
TERESA DEGRAFF, individually,

Print Name: _Cindy Williams_
Witnesses as to TERESA DEGRAFF

STATE OF FLORIDA       }

COUNTY OF Escambia    }

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE this 8th day of October, 2012, by TERESA DEGRAFF, individually, who is personally known to me or who has produced F.D.L. D261-801-57-668-0 as identification, and who executed the foregoing Waiver and Release and Settlement & Confidentiality Agreement and acknowledged to and before me that he executed said instrument for the purposes therein expressed freely and voluntarily.

ANGELA KIMMONS
Notary Public
State of Florida
My Commission # EE 209869
Expires: June 20, 2016

_Angela Kimmons_
NOTARY SIGNATURE
Print Name: Angela Kimmons
Notary Public, State of Florida
Notary Comm. No.: EE 209869
My Commission expires: June 20, 2016

WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT

DEGRAFF
SMA
PUTNAM
Page 14 of 16
F:\DOCS2\P12960\65244.DOC

Signed, sealed and delivered
in the presence of:

Print Name: Penny Hudson

Print Name: Lindy Thall
*Witnesses as to SMA BEHAVIORAL HEALTH SERVICES, INC.*

SMA BEHAVIORAL HEALTH SERVICES, INC., a Florida corporation,

BY _____
Print Name: W. Chester Bell
Its: CEO

STATE OF FLORIDA }

COUNTY OF VOLUSIA }

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE this 19 day of October, 2012, by W. Chester Bell as CEO of SMA BEHAVIORAL HEALTH SERVICES, INC., a Florida corporation, who is <u>personally known to me</u> or who has produced _____ as identification, and who executed the foregoing Waiver and Release and Settlement & Confidentiality Agreement and acknowledged to and before me that he/she executed said instrument for the purposes therein expressed freely and voluntarily.

VICKI W. KIRKSEY
Notary Public, State of Florida
My Comm. Expires Dec. 17, 2015
Commission No. EE 137613

NOTARY SIGNATURE
Print Name: VICKI W. KIRKSEY
Notary Public, State of Florida
Notary Comm. No.: EE 137613
My Commission expires: 12/17/15

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF
SMA
PUTNAM
Page 15 of 16
P:\DOCS\21042\0007\ES2248.DOC

Signed, sealed and delivered
in the presence of:

*signature*
Print Name: CARON SPEAS

*signature*
Print Name: Katrina Williams
*Witnesses as to PUTNAM COUNTY ALCOHOL AND DRUG COUNSEL, INC.*

PUTNAM COUNTY ALCOHOL AND DRUG, COUNSEL INC., a Florida corporation,

BY *signature*
Print Name: LARRY FREEMAN
Its: Chairman of the Board

STATE OF FLORIDA        }
COUNTY OF PUTNAM }

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE this ____ day of October, 2012, by LARRY FREEMAN as Chairman of the Bd of PUTNAM COUNTY ALCOHOL AND DRUG COUNSEL, INC., a Florida corporation, who is personally known to me or who has produced _____ as identification, and who executed the foregoing Waiver and Release and Settlement & Confidentiality Agreement and acknowledged to and before me that he/she executed said instrument for the purposes therein expressed freely and voluntarily.

*signature*
NOTARY SIGNATURE
Print Name: CARON SPEAS
Notary Public, State of Florida
Notary Comm. No.: _____
My Commission expires: _____

*Notary seal:*
CARON SPEAS
Notary Public - State of Florida
My Comm. Expires Sep 12, 2016
Commission # EE 829599
Bonded Through National Notary Assn.

*WAIVER AND RELEASE AND SETTLEMENT & CONFIDENTIALITY AGREEMENT*

DEGRAFF
SMA
PUTNAM
Page 16 of 16
P:\DOCS\21042\00007\E52248.DOC