**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TERESA DEGRAFF,

      Plaintiff,

vs.                          CASE NO.  3:12-cv-733-J-32TEM

SMA BEHAVIORAL HEALTH
SERVICES, INC., d/b/a/ STEWART
MARCHMAN ACT BEHAVIORAL HEALTHCARE;
and PUTNAM COUNTY ALCOHOL AND
DRUG COUNCIL, INC., a Florida
Non-Profit Corporation d/b/a/
PUTNAM-ST JOHNS BEHAVIORAL
HEALTHCARE, a fictitious name,

      Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>[1]

      This case is before the Court on the Joint Motion for Approval of Settlement and

Motion to Dismiss With Prejudice (Doc. #11, "Joint Motion"), filed December 12, 2012.  The

Joint Motion was referred to the undersigned for a report and recommendation on December

21, 2012.  A hearing was held before the undersigned on January 24, 2013.[2]

**<u>Pertinent Background</u>**

      In the instant case, Plaintiff filed an amended complaint (Doc. #3, "Amended

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference.  The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Complaint"), in which she alleges Defendants failed to pay her overtime for hours worked in excess of forty per week. Plaintiff sues Putnam County Alcohol and Drug Council, Inc., d/b/a Putnam-St. Johns Behavioral Healthcare (hereafter "Putnam") as her initial employer, and sues SMA Behavioral Health Services, Inc., d/b/a Stewart Marchman Act Behavioral Healthcare (hereafter "SMA") as successor in interest to Putnam. Plaintiff claims she began work for Putnam in October 1984 and acquired the job title of "Operations Manager" in 1998. Amended Complaint at ¶¶ 12-13. Plaintiff states that her primary job duties were payroll, accounts payable and clerical office duties, for which she should have been paid overtime. *See id.* at ¶¶ 14-25. Without supporting records, Plaintiff estimated damages in excess of $88,000.[3] *Id.* at ¶ 35.

Defendants answered the Amended Complaint (Doc. #9, "Answer") asserting, *inter alia,* that Plaintiff was an exempt employee not subject to the FLSA overtime provisions. Defendants also asserted that SMA purchased only Putnam's assets and is therefore not liable for such violations as Plaintiff claims because SMA did not assume the liabilities of Putnam and is not a successor of Putnam. Answer at ¶¶ 36, 44.

On December 12, 2012, the parties filed the Joint Motion, to which the parties attached a copy of the proposed agreement for review (*see* Doc. #11-1, hereafter "Settlement Agreement"). In the Joint Motion, the parties request the Court approve their proposed settlement agreement and dismiss this case with prejudice. Defendants have

---

[3]In Plaintiff's Notice of Filing Answers to Court's Interrogatories to Plaintiff (Doc. #10), Plaintiff responded she was "owed $28,561.28 plus an equal amount in liquidated damages. . . ." Plaintiff also reported the records she maintained of the hours worked consisted of placing checkmarks on each of the five days per week she was present at work. *Id.*

agreed to pay Plaintiff $2,500 for unpaid overtime wages and $2,500 for liquidated damages. The parties aver this reflects a reasonable compromise of all disputed issues and reflects a desire by all parties to end the litigation. The parties also aver attorney fees were separately negotiated, and Defendants shall pay Plaintiff's counsel $3,333.33. *See* Settlement Agreement at ¶ 2.

The parties agree this matter involves a number of disputed issues. The parties do not agree whether Plaintiff was an exempt or non-exempt employee, nor do they agree on the number of overtime hours Plaintiff may have worked or whether liquidated damages are appropriate. In fact, Defendants asserted a statute of limitations defense, in addition to other affirmative defenses. *See* Answer at ¶ 39. Because Plaintiff initially claimed she was due more than $88,000 in damages, Plaintiff has significantly compromised her FLSA claims and judicial scrutiny of the settlement is required.

**<u>Analysis</u>**

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of their rights. *Id.* at 1352. Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a

reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (per curiam).[4]

Considering the parties' representations regarding their investigation and exchange of information, as well as the number of disputed issues, the Court finds that by compromising Plaintiff's wage claims, they have not impermissibly waived Plaintiff's statutory rights under the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1354. The proposed settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Id.* at 1355.

Here, there are bona fide disputes regarding whether Plaintiff was exempt from the FLSA, the amount of overtime worked, whether Defendants' conduct was willful, whether SMA is liable for any actions by Putnam personnel, and whether Plaintiff is entitled to liquidated damages. Plaintiff is represented by an attorney experienced in FLSA litigation. In light of these circumstances, the Court finds the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354; *see also Hernandez v. Avalon Grp. Se., LLC*, No. 6:12-cv-99-Orl-22TBS, 2012 WL 4052351, at *2 (M.D. Fla. Aug. 28, 2012), adopted at 2012 WL 4052345 (finding compromise of claims and waiver of liquidated damages

---

[4] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

reasonable where disputed issues were significant and parties were represented by counsel); *Tobar v. Khan*, No. 6:10-cv-239-Orl-22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 (approving settlement of $850 in unpaid wages and liquidated damages, which represented about one-fifth of the principal amount sought by the plaintiff, where there were disputed issues and defendant asserted counterclaims).

The parties have agreed that Defendants will pay Plaintiff's counsel $3,333.33 in attorney fees and costs. Settlement Agreement at ¶ 2. Although the parties did not submit detailed time sheets for Plaintiff's counsel, the Court notes this case has been ongoing for over seven months and finds, based upon its own experience, knowledge of market rates, and this case, the amount of fees agreed upon by the parties is reasonable. *See Hernandez*, 2012 WL 4052351, at *3 (finding the amount of fees agreed upon by the parties "within the range of reason" without documentation or testimonial support). Although Defendants made a lump sum offer to Plaintiff, the undersigned does not believe Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel.[5] Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary. *See Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that, (1)

_____

[5] When a plaintiff receives less than a full recovery, any payment above a reasonable fee improperly detracts from the plaintiff's recovery. Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney fees and costs. "This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary." *Sperling v. Grp. Travel Consultants, Inc.*, No. 6:10-cv-1010-Orl-28GJK, 2010 WL 5479866, at *2 n.4 (M.D. Fla. Dec. 21, 2010). However, at the hearing, counsel assured the Court the amount to be given to Plaintiff was negotiated separately and without consideration for attorney fees.

constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."); *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) ("[A]n in depth analysis [of the reasonableness of attorney fees] is not necessary unless the unreasonableness is apparent from the face of the documents.").

The undersigned notes the proposed settlement agreement includes broad general releases of claims outside the FLSA. Courts typically disfavor general release clauses in FLSA settlement agreements. *See e.g., Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1350–51 (M.D. Fla. 2010)*; Webb v. CVS Caremark Corp.*, No. 5:11-cv-106(CAR), 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011). In limited circumstances, FLSA settlement agreements containing such clauses have been approved, however. For example, in *Bright v. Mental Health Research Center, Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012), the court approved a settlement agreement that contained general release where the defendant asserted numerous counterclaims against the plaintiff because "a settlement must necessarily address all of the parties claims." *Id.* at *5.; *see also Robertson v. Ther–Rx Corp.,* No. 2:09–cv–1010–MHT (WO), 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011) (approving settlement agreement that contained general release where

the plaintiff received compensation for the FLSA claim and separate compensation for her claims under Title VII and the FMLA).

At the hearing, counsel assured the Court of all parties' agreement to the terms of the general releases and noted that most, if not all, potential claims would be foreclosed by the applicable statutes of limitations. Defendants' counsel also argued the general releases were essential to his client SMA, given its unique posture in this case. For all intents and purpose, Putnam no longer exists as a business entity and SMA steadfastly maintains it purchased only the assets of Putnam. Under this scenario, counsel argues SMA is immune from liability of Putnam's potential violations of law. On these facts, the Court finds this case is not "a plain vanilla" FLSA case and agrees the broad general releases are appropriate to protect both Plaintiff and Defendants. *Cf. Bright*, 2012 WL 868804, at *4.

However, there are a few provisions in the settlement agreement the Court finds to be inappropriate. The Settlement Agreement contains a confidentiality clause set out in paragraph twenty-one. Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit Plaintiff's rights under the First Amendment. *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242-43 (M.D. Fla. 2010); *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010) (holding FLSA settlement agreements that include non-disparagement provisions, "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment"). Additionally, the confidentiality provision is, at least in part, unenforceable due to the public filing of the agreement. *See Webb*, 2011 WL 6743284, at *3 (denying approval of a settlement agreement that contained a confidentiality clause because the provision was unenforceable

7

by virtue of its public filing and contravened the legislative purpose of the FLSA).

The language of four additional paragraphs is also problematic. Paragraphs two and fifteen of the Settlement Agreement pertain to attorney fees and costs in this case. The language of paragraph two sets out the payment of Plaintiff's attorney fees as agreed by the parties. Paragraph fifteen, however, states that each of the parties shall bear its own legal fees and costs. Obviously, some conflict exists between the two paragraphs. Additionally, upon discussion at the hearing, counsel and the undersigned agree paragraphs nine and twenty-six are unnecessary for resolution of this case. In fact, the language of paragraph twenty-six is unnecessary and is particularly confusing.

At the hearing, the undersigned informed the parties of his reservations about these provisions. With counsel's consent, the undersigned recommends paragraphs nine, fifteen, twenty-one, and twenty-six be stricken from the Settlement Agreement. *See, e.g., Mills v. AK Security Servs, LLC*, Civ. Action No. 3:11-cv-1196-J-37TEM (M.D. Fla. Oct. 18, 2012) (unpublished Order (Doc. #45) adopting Report and Recommendation and striking offending paragraphs from the proposed settlement agreement). In the alternative, the District Court need not approve the settlement agreement as a whole or reserve jurisdiction to enforce it. *See, e.g., Martinez v. Mills Ave. Octopus Car Wash, Inc.*, No. 6:12-cv-448-Orl-22KRS, 2012 WL 3041103 (M.D. Fla. July 23, 2012), adopted at 2012 WL 3043103 (recommending the district court approve settlement as fair and reasonable, but recommending the district court not approve the settlement agreement as a whole or reserve jurisdiction to enforce the settlement agreement where agreement contained confidentiality provision); *Morea v. Mike Beardsley Ent., Inc.*, No. 3:12-cv-130-J-99TJC-TEM, 2012 WL 4052321 (M.D. Fla. Jun. 25, 2012), adopted at 2012 WL 4069243 (recommending the district court approve settlement

as fair and reasonable, but recommending the district court not approve the settlement agreement as a whole or retain jurisdiction).

**Conclusion**

Accordingly, upon due consideration, it is respectfully **RECOMMENDED** the Court find the settlement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions, the Joint Motion for Approval of Settlement and Motion to Dismiss With Prejudice (Doc. #11) be **GRANTED in part**, and the case be dismissed with prejudice.

**DONE AND ENTERED** at Jacksonville, Florida this 30th day of January, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Timothy J. Corrigan
All Counsel of Record